### EDWIN DAVIS vs. JOHN WIGGINS, Jr.

Where a defendant was discharged under the bankrupt law, and the plaintiff's assignee issued a ca. sa. on a judgment against defendant, obtained previous to his discharge, the assignee not knowing of the defendant's discharge: a motion to set aside the ca. sa. was granted with costs, on defendant's stipulating not to bring a suit against plaintiff's attorney.

*Motion by defendant to set aside ca. sa. with costs.*—Judgment was obtained in the fall of 1836: execution was issued and returned nulla bona in October, 1838: ca. sa. was issued and defendant arrested on or about 21st March, 1845: the judgment was assigned to one William Wright: on the 11th August, 1843, the defendant was discharged under the bankrupt law, passed August 19, 1841; a copy of his discharge was set forth in the papers for the motion. The assignee Wright alleged he did not know of the defendant's discharge in bankruptcy, when the ca. sa.

was issued, and that he had never received any notice as a creditor of defendant, on his application to be discharged.

F. H. HASTINGS, *Defts Counsel.*          IRA BELLOWS, *Defts Atty.*

N. HILL, Jr., *Plffs Counsel.*          C. B. GAY, *Plffs Atty.*

BRONSON, Chief Justice—Granted the motion, on condition that the defendant would not bring an action against the attorney, who issued the ca. sa.

*Decision.*—Motion granted with costs, on defendant's stipulating not to bring an action against plaintiff's attorney.